FILED
2014 May-05  PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| JAMISON CARR, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | **CASE NO. 6:13-cv-300-SLB** |
| v. | } | |
| | } | |
| CITY OF VERNON, et al., | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant Redus Sisson's Motion to Dismiss, Abate and/or Stay.  (Doc. 33.)[1]  After hearing the parties' arguments and reviewing the briefs and relevant law, the court find that the motion is due to be **DENIED**.

## PROCEDURAL HISTORY

On February 13, 2013, plaintiff Jamison Carr ["Plaintiff"] filed suit against the City of Vernon, Alabama, City of Vernon police chief Ted Collins, and City of Vernon law enforcement officers Brandon Stephens, and Davy Eaves in their individual and official capacities. (Doc. 1.) The Complaint, which has since been amended, asserted a claim pursuant to 42 U.S.C. § 1983 and claims under Alabama state law for negligence, gross negligence, breach of fiduciary duties, intentional

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

infliction of emotional distress, false imprisonment, and malicious prosecution. (Doc. 39.)

The events giving rise to the action stem from an altercation between plaintiff and an individual named Redus Sisson at a carwash in Vernon, Alabama. (*Id* at 2.) According the Complaint, Sisson approached and threatened plaintiff at the carwash, and plaintiff retreated to his vehicle and called 911. (*Id* at 2-3.) Defendants Brandon Stephens ["Stephens"] and Davy Eaves ["Eaves"], both law enforcement officers, responded to the 911 call. (*Id* at 3.) Eaves questioned plaintiff who emphatically denied hitting Sisson with his truck. (*Id.*) After questioning plaintiff, Eaves, Stephens, Sisson, and an individual named Chris Galloway ["Galloway"] congregated around Eaves's police car for approximately 5-7 minutes. (*Id.*) Plaintiff was subsequently arrested and indicted for assault in the 2nd degree and attempted murder. (*Id* at 5.) A jury found plaintiff not guilty of assault or attempted murder. (*Id* at 6.)

Following the filing of the Complaint, Stephens and Eaves filed Motions to Dismiss the Complaint on a variety of grounds. (Docs. 4 and 7.) Plaintiff requested an opportunity to amend the Complaint to cure the alleged deficiencies, which would render moot the Motions to Dismiss. (Doc. 14.) The court granted the Motion to Amend, (doc. 15), and plaintiff filed an Amended Complaint on June 18, 2013, (doc 17). The Amended Complaint added Sisson ("Sisson") and Galloway ("Galloway),

who had witnessed the incident, as defendants. Galloway has since been dismissed via joint stipulation. (Doc. 53.) Plaintiff requested leave to file a second amended complaint on July 18, 2013, (doc. 26), which was granted. The second Amended Complaint was filed on November 25, 2013. (Doc. 39.)

The claims against Sisson, a private citizen, are violations of civil rights under § 1983, false imprisonment, false arrest, and malicious prosecution. (Doc. 39 at 8-10, 12.) On September 21, 2012, Sisson filed a complaint against plaintiff in Lamar County Circuit Court alleging negligence, assault, and battery in connection with the car wash incident. (Doc. 33 at 5-6.) Plaintiff filed an answer in state court on November 6, 2012 and included a counterclaim against Sisson for negligence, wantonness, and slander. (Doc. 33 at 8-11.)

Sisson filed a "Motion to Dismiss, Abstain from, Abate and/or Stay" in this court on October 25, 2013. (Doc. 33.) Sisson contends that "the claims asserted by Carr against Sisson in the present action arise out of the same circumstances and events that are the subject matter of the state court action."  (Doc. 33 at 2.) Sisson thus moves this court to "dismiss, abstain from, abate and/or stay the present action as between Carr and Sisson..." *Id*.

Plaintiff filed "Plaintiff's Response to Defendant Sisson's Motion to Dismiss, Abstain From, Abate and/or Stay" on December 3, 2013, arguing that *Colorado*

*River*[2] abstention does not or should not apply to stay actions involving § 1983 claims. (Doc. 45 at 1-2.) Sisson then filed a "Reply to Plaintiff's Response to Defendant Sisson's Motion to Dismiss, Abstain From, Abate and/or Stay" on December 30, 2013, contending that the court should at least stay plaintiff's state law claims. (Doc. 48 at 1-2.)

## **DISCUSSION**

*Colorado River* abstention requires the court to weigh six factors to decide whether "exceptional circumstances" are present to justify a stay.   The *Colorado River* factors are:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (citing *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998)). However, the factors must be weighed "with a heavy bias in favor of exercising jurisdiction". *TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1295 (11th Cir.

---

[2]*Colorado River Water Conservation District v. U.S.,* 424 U.S. 880 (1976).

4

1998). This is because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1997).  The court held that "the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction'" *Id.*

This analysis "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply to a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 16 (1983).

Factor 1 listed above is irrelevant because there is no property at issue. Factor 2 is neutral, in that the respective courts are both easily accessed by the parties. Factor 3 is also neutral.  Although the state court case was filed first, based on the information before this court, the state court case has not progressed to the point where it would make sense to stay this action. Factor 4, regarding piecemeal litigation, would normally favor a stay, but only as to the state law claims.  However, the state law claims in state court are not the same as those in Federal court. Moreover, the § 1983 claims are not before the state court.  Factor 5 weighs against a stay because Federal law governs the rule of decision in § 1983 cases. Finally,

factor 6 weighs against a stay because "Congress has determined that the opportunity to proceed in a Federal forum is necessary to protect the rights of Sec. 1983 plaintiffs." *Forehand v. First Alabama Bank of Dothan*, 727 F.2d 1033, 1035 (11th Cir. 1984.)

On consideration of the relevant factors and the general presumption that federal courts should exercise their jurisdiction barring exceptional circumstances, the court concludes that Sisson's Motion is due to be denied.

## CONCLUSION

Defendant Sisson's Motion to Dismiss, Abate, and/or Stay will be denied.

**DONE** this 5th day of May, 2014.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

6